IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

OTONIEL MONDRAGON,

    Petitioner,

v.                                        CIVIL ACTION NO.: CV514-018

TRACY JOHNS, Warden, and
FEDERAL BUREAU OF PRISONS,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Otoniel Mondragon ("Mondragon"), an inmate currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Mondragon's petition should be **DENIED**.

## STATEMENT OF THE CASE

Mondragon pled guilty to conspiracy to possess with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841. (2:10-cr-01399-AM, Doc. 75) (W.D. Tex.). Mondragon was sentenced to 60 months' imprisonment for each count, to be served concurrently. Id.

Mondragon was charged with stealing three bags of chicken from the dining facility, in violation of the rules and regulations of the Bureau of Prisons ("BOP").

Mondragon was sanctioned to 27 days loss of good conduct time ("GCT"), the loss of phone and commissary privileges for 60 days, loss of his job assignment, and $3.47 in restitution. Mondragon claims he appealed this sanction on the basis that he was denied his due process rights when he was refused an interpreter when he spoke to the investigator (Lieutenant Frank Santoro).

In the instant petition, Mondragon asserts that his constitutional rights were denied in connection with his disciplinary hearing because he was not permitted to use an interpreter. Mondragon claims that, as a result of this deprivation, any admission he made was false and did not qualify as evidence. Mondragon asserts that the regulations require the BOP to provide inmates with disciplinary hearings in accordance with their due process rights and held before an Alternate Discipline Hearing Officer ("DHO"), who is employed by the BOP. Mondragon contends that the DHO in this case, an employee of a privately-run facility, lacked the authority to impose a sanction of this severity and that the disparity of punishment decisions imposed by the facility depends on the ability to communicate with the staff. Mondragon requests that his 27 days' GCT be reinstated.

Respondent asserts that Mondragon is not entitled to relief because: an interpreter was used at the DHO hearing; his due process rights were read to him; he indicated that he understood his rights; he was provided the opportunity to make a statement and present documents; and he waived his right to request witnesses and assistance from a staff representative. Respondent claims that there was sufficient evidence to support the DHO's findings as the stolen items were on Mondragon's person, and the DHO report was based on a photograph, reports of staff, and

2

Mondragon's own admission. Respondent asserts that Mondragon's request for an interpreter is not supported by the investigator's report or the report of the Unit Disciplinary Committee ("UDC"). Respondent contends that Mondragon was not harmed by the alleged failure to provide an interpreter because his statements to the DHO, with the assistance of an interpreter, were consistent with those made to the investigator and UDC. Respondent argues that, because the BOP retained final decision-making authority over the imposition of Mondragon's sanction, such authority was not unlawfully delegated to the staff at the privately-run facility.

## DISCUSSION AND CITATION OF AUTHORITY

I.  **Mondragon's claim that his constitutional rights were violated when he was denied the assistance of an interpreter.**

The United States Supreme Court stated, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citations omitted). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. (citation omitted). However, a prisoner facing a disciplinary hearing is entitled to the following minimum due process protections: (1) "written notice of the charges . . . to inform him of the charges and to enable him to marshal the facts and prepare a defense" at least 24 hours before the hearing; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;" (3) the opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not

3

AO 72A
(Rev. 8/82)

be unduly hazardous to institutional safety or correctional goals." Id. at 564, 566 (citation omitted) (internal quotation marks omitted).

The Supreme Court later explained that, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced[.]'" Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) (citation omitted). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. "The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by some facts-whether any evidence at all supports the action taken by the prison officials. Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (citations omitted) (internal quotation marks omitted). "As such, [courts] should not be forced into the role of judging and reweighing the evidence presented in a prison disciplinary hearing. The role of [the] court is to determine whether an inmate receives the procedural protections provided by Wolff and whether 'some evidence' exists which supports the hearing officer's determination." Id.

Here, the procedural due process requirements were met with respect to Mondragon's disciplinary hearing, and "some evidence" supports the DHO's decision. On April 21, 2013, Mondragon was provided a copy of the incident report notifying him

of the charges against him. (Doc. 10, p. 4; Doc. 10-1, p. 38). On April 24, 2013, Mondragon was advised of his right to remain silent at all stages of the disciplinary process but that his silence may be used to draw an adverse inference. (Doc. 10-1, p. 39). The UDC referred the matter to the DHO for a hearing. Id. at 38. Mondragon was advised of his rights at the disciplinary hearing, which included the right to: a written copy of the charges; have a staff member represent him; call witnesses and present documentary evidence; present a statement or remain silent; be advised of the DHO decision; and to appeal the decision. Id. at 41. Mondragon waived his right to have a staff representative or to call witnesses at the hearing. Id. at 43. The DHO hearing was held on April 26, 2014, after which the DHO issued a detailed report or written statement explaining the evidence relied on as well as his reasons for sanctioning Mondragon with a loss of 27 days of GCT, loss of phone and commissary privileges for 60 days, loss of his job, and $3.47 restitution. Id. at 45-48. The report indicates that a copy was delivered to Mondgragon on May 16, 2013. Id. at 48. Mondragon filed a regional administrative remedy appeal, which was denied. Id. at 57.

The DHO's decision is supported by "some evidence." Mondragon's own statements to the investigator, UDC, and the DHO demonstrate that he removed the chicken from the dining facility in which he worked and intended to cook it in his unit. The DHO also relied upon a photograph and memorandum from a food service officer. Id. at 46. Mondragon's disciplinary process was in accordance with the required due process protections. Accordingly, Mondragon's claim that he was deprived of due process and is entitled to restoration of 27 days of GCT is without merit and fails to provide a basis for relief.

AO 72A
(Rev. 8/82)

## II. Mondragon's claim that the DHO lacked the authority to impose a sanction.

"The BOP is responsible for the custody and care of sentenced federal inmates . . . housed in both federal prisons and in private facilities under contract with the BOP. Approximately 28,000 inmates are housed in 15 major contract facilities under the oversight of the BOP Privatization Management Branch." Dep't of Justice, Fed. Bureau of Prisons, Legal Resource Guide to the Federal Bureau of Prisons (2014).[1] The BOP contracts with GEO Group, Inc., to house inmates at D. Ray James Correctional Facility. (Doc. 10-1, p. 1). The DHO at the facility, Roger Perry, is employed by GEO Group, Inc. Id. The institution is obligated to comply with the BOP's policies and procedures for inmate discipline. Id. at 2. The BOP's Inmate Discipline Program applies to "inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons." Id. at 21; Program Statement 5270.09, Inmate Discipline Program (2011).[2] "Only institution staff may take disciplinary action against inmates." Dep't of Justice, Fed. Bureau of Prisons, Legal Resource Guide to the Federal Bureau of Prisons (2014).[3] "[I]nmates serving sentences greater than one year, but less than life, may receive up to 54 days sentence [GCT] credit per year served. Inmates sanctioned for violating prison disciplinary rules may lose all or part of these credits." Id.

In Hilario-Paulino v. Pugh, 194 F. App'x 900, 903 (11th Cir. 2006), a DHO sanctioned the petitioner, disallowing 27 days GCT and the forfeiture of 20 days GCT. 194 F. App'x at 901. The petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 asserting "that (1) the BOP unlawfully delegated its statutory authority to

---

[1] http://www.bop.gov/resources/pdfs/legal_guide.pdf (last visited Apr. 28, 2014).
[2] http://www.bop.gov/policy/progstat/5270_009.pdf (last visited Apr. 28, 2014).
[3] http://www.bop.gov/resources/pdfs/legal_guide.pdf (last visited Apr. 28, 2014).

discipline inmates to [Corrections Corporation of America, which operated the prison]; and (2) the BOP's Program Statement does not authorize [McRae Correctional Facility], a privately run prison, to impose disciplinary sanctions." Id. Section 4042 of Title 18 of the United States Code provides:

> The Bureau of Prisons, under the direction of the Attorney General, shall--
> (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]

18 U.S.C. § 4042(a)(1)-(3). The Eleventh Circuit Court of Appeals stated, "[t]he BOP interprets the statute in such a way that it permits the agency to delegate a portion of the authority to discipline prisoners in privately run institutions to private actors, though reserving for itself the role of final arbiter. We cannot say that such an interpretation is unreasonable." Hilario-Paulino, 194 F. App'x at 903. "Accordingly, in this context, the fact that the BOP provides a final layer of *de novo* review allays any concerns regarding the delegation of the initial stages of disciplinary proceedings, which are brought pursuant to and administered according to BOP guidelines." Id. (citation omitted). The Eleventh Circuit held "the BOP's delegation of part of its disciplinary authority was within its statutory mandate and consistent with its regulation and Program Statement[.]" Id. at 904.

Here, the DHO Oversight Specialist in the BOP's Privatization Management Branch reviewed the DHO's report and determined that it was in compliance with due process requirements and that the sanctions were in accordance with Program Statement 5270.09 of the BOP's Inmate Discipline Program. (Doc. 10-1, p. 52).

Because the BOP retained final decision-making authority in the imposition of disciplinary sanctions, it did not unlawfully delegate its authority to GEO Group, Inc. Mondragon is not entitled to relief on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mondragon's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of May, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)